YOUNG v. HESSE, Superintendent of Metropolitan Police Department.

Court of Appeals of District of Columbia
Submitted January 8, 1929.· Decided February 4, 1929.

No. 4800.

James A. O'Shea, of Washington, D. C., for appellant.

W. W. Bride and Edward M. Welliver, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a final order of the Supreme Court of the District of Columbia, dismissing a habeas corpus petition and remanding the plaintiff therein (now the appellant) to the National Training School for Girls, under an order of commitment to that institution theretofore entered by the juvenile court of the District.

It appears that upon February 8, 1918, it was adjudged by the juvenile court that the appellant, being then an infant under 17 years of age, was destitute of a suitable home and lacking in proper parental care and guardianship, and was without adequate means of earning an honest living. It was therefore ordered by the court that she be committed to the National Training School for Girls of the District of Columbia, "until reformed, or until twenty-one years of age." It may be noted here that the infant was not accused of any crime or moral delinquency, nor was the order of commitment penal in character.

Afterwards, to wit, on March 2, being a day in the same term of the juvenile court, it was ordered by the court that the term should be continued for said case, and by subsequent orders the same term was continued until April 4, 1928, upon which day the juvenile court heard and considered a petition of the infant to set aside and vacate the order of commitment, and granted the same, and ordered a new trial.

Afterwards, to wit, on May 31, 1928, at a time when the infant by reason of increased age had passed beyond the jurisdiction of the juvenile court, the court without a hearing entered an order declaring that it had possessed no lawful authority to continue its terms, and consequently that the orders theretofore entered for the extension of the February term, and likewise the order vacating the order of commitment, were null and void. The court accordingly ruled that its original order of commitment was still in full force and effect.

During the period covered by these proceedings the infant was allowed to remain in the custody of her sister, who appears herein as her next friend, but upon the date of the last entry by the court, to wit, May 21, 1928, she was taken to the House of Detention by the superintendent of police, to be held there pending her transfer to the National Training School for Girls.

Thereupon the present case in habeas corpus was brought in the lower court, praying for the discharge of the infant from custody. That court held, however, that the juvenile court was without power to continue its terms, and accordingly that the order vacating the original order of commitment was void. The petition was therefore dismissed, whereupon the present appeal was brought.

■ We cannot agree with the views of the lower court. The juvenile court was created by the Act of March 19, 1906 (34 Stat. 73), which provides for the holding of terms by it, as follows:

"Sec. 19. That the said court shall hold a term on the first Monday of every month and continue the same from day to day as long as it may be necessary for the transaction of its business." 34 Stat. 77.

It seems plain that the foregoing provision for continuing a term of court permits of an extension of the term beyond its regular limitation. In the instant case the term in question was regularly continued until the order vacating the order of commitment was entered. The court therefore possessed jurisdiction over the case at the time of that order.

■ It is argued that the juvenile court possessed no authority to hear or pass upon a motion for a new trial, inasmuch as such jurisdiction is not expressly conferred upon it by statute. We think, however, that the court inherently possesses such authority, and we understand that it has been recognized as part of the regular procedure of trials therein.

This ruling follows that of Judge Alvey in Montgomery v. Williamson, 37 Md. 421, 428, reading as follows:

"It seems to have been supposed that, as there is no express authority to be found in the statute, the rescinding of the order of ratification would be the exercise of constructive authority which the Court is forbidden to exercise. But this objection is fully answered by the Court of Appeals, in the case of Raborg v. Hammond, 2 Har. & G. 42, 51, in considering the power of the Orphans' Court to revoke letters of administration, when improvidently granted, and where to the exercise of the power, the same objection was urged as to the jurisdiction in this case. The Court said: 'But to this it may be answered that we deem the power of revocation, under such circumstances, as necessarily inherent in the Orphans' Courts, and a part and of the essence of the power delegated to them, of granting administration. In confirmation of which, see 3 Bac. Ab. 50, where speaking of the ecclesiastical tribunals of England, in reference to this power, it is stated that "it would be absurd to allow a Court jurisdiction herein, and at the same time deprive them of the liberty of vacating and setting aside an act of their own, which was obtained from them by deceit and imposition."' Whether the order of ratification was obtained by deceit and imposition is quite immaterial; if by honest mistake, the power of revocation and correction equally exists, provided the application for its exercise be made within a reasonable time, and under proper circumstances."

■ It appears, therefore, that the plaintiff is held in custody under an absolutely void

warrant, served, moreover, at a time when the juvenile court admittedly possessed no jurisdiction over plaintiff because of her age, and that she is entitled to be discharged from custody.

The judgment of the lower court is therefore reversed at the costs of appellee, and the cause is remanded, in order that a judgment may be entered for the plaintiff below.